**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50304 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00224-GW-18 |
| v. | |
| LUIS M. RIVAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted December 12, 2014
Pasadena, California

Before: PREGERSON, WARDLAW, and BERZON, Circuit Judges.

Luis Rivas was convicted of one count of conspiracy to distribute a

controlled substance, 21 U.S.C. § 846, and one count of possession with intent to

distribute five kilograms or more of a substance containing a detectable amount of

cocaine, 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(ii). Rivas appeals the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

(1) denial of his motion to dismiss; (2) denial of his motion for judgment of acquittal, Fed. R. Crim. P. 29, and a motion for new trial, Fed. R. Crim P. 33; and (3) determination not to provide an adverse-inference jury instruction on spoliation of evidence.

**1.** The district court did not err in denying Rivas's motion to dismiss on the basis that spoliation of evidence violated his due process right to a fair trial. *See United States v. Sivilla*, 714 F.3d 1168, 1171–72 (9th Cir. 2013). Rivas has not shown that the truck itself, or the speaker screws particularly, were materially exculpatory. *Arizona v. Youngblood*, 488 U.S. 51, 57–58 (1988). Without such a showing, "no more can be said than that [the truck] could have been subjected to tests," in which case Rivas must prove the government acted in bad faith in selling the truck before trial. *Id.* at 57. He has failed to meet that burden. First, he admits he received a forfeiture notice six months before the truck cab was sold. Second, the government took photographs and measurements of the truck before the sale. Although no photographs were taken of the speaker screws, it was not apparent before (or during) trial that the screws would have any exculpatory value. *See California v. Trombetta*, 467 U.S. 479, 489 (1984). Third, Rivas's counsel conceded at trial that the government did not act in bad faith.

2

**2.** The district court did not err in denying Rivas's motion for a judgment of acquittal and did not abuse its discretion in denying his motion for a new trial. *See United States v. Inzunza*, 638 F.3d 1006, 1013 (9th Cir. 2011). To the extent that these claims rely on spoliation of evidence, they fail for the reasons stated above.

There was also sufficient evidence to support the conviction. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Rivas was the sole driver of the truck over the time period at issue and used it for delivering produce he had contracted to deliver. He drove the truck in succession to each of the two locations discussed over the wiretapped conversations of Barraza and the unidentified male as meet-up spots for a drug transaction. At the second meet-up location, two men spoke to the driver of the truck, and then passed a duffel bag and box through the passenger-side door. The twenty bricks of cocaine later recovered from the hidden compartment in the truck cab fit perfectly into that bag and box, which were found empty in the cab. This circumstantial evidence was sufficient for a reasonable juror to infer that Rivas knew of the drugs found in his truck and find him guilty beyond a reasonable doubt.

**3.** The district court did not abuse its discretion in declining to issue an adverse-inference jury instruction on spoliation of evidence. *See Sivilla*, 714 F.3d

3

at 1172–73. Rivas withdrew his request for the instruction at the conclusion of trial and so waived any right to it.

**AFFIRMED.**